IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JOSEPH HANRAHAN, | : | CIVIL ACTION |
| Plaintiff | : | CASE NO. **14    6564** |
| vs. | : | |
| DECHERT LLP, | : | |
| Defendant | : | |

# COMPLAINT

NOW COMES Plaintiff William J. Hanrahan, for his complaint against Dechert LLP, alleging the following:

## INTRODUCTION

1. Plaintiff is a 26 year-old third-year law student currently attending the Drexel University Thomas R. Kline School of Law ("Drexel Law"). At the time of the injury wherein this cause of action materialized, discussed infra, Plaintiff was a 24 year-old second-year law student at the same law school (then called the Drexel University Earle Mack School of Law).

2. This is a civil action for monetary damages and injunctive relief under The Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101, etc. seq.

3. Plaintiff alleges that Defendant uses one or more hiring practices or policies that have a disparate impact on disabled candidates when making decisions about which candidates to offer positions as Summer Associates and Associates and that such practices or policies are not job related and consistent with business necessity.

## JURISDICTION AND VENUE

4. All of the allegations set forth in the above paragraphs are incorporated herein by reference.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants federal district courts jurisdiction over all civil actions arising under the laws of the United States.

6. Under 28 U.S.C. § 1391(b) This Court is the proper venue because Plaintiff and Defendant both now reside, and did reside at all relevant times, within the Eastern District of Pennsylvania and the injury, namely the unlawful rejection of Plaintiff for a Summer Associate Position at Defendant's Philadelphia headquarters, occurred within the Eastern District of Pennsylvania.

## PARTIES

7. All of the allegations set forth in the above paragraphs are incorporated herein by reference.

8. Plaintiff, William Joseph Hanrahan, is a citizen of the United States and resident of Pennsylvania. Plaintiff now resides, and at all relevant times did reside, at:

    103 Kimberwick Circle
    Glenmoore, PA 19343.

9. Defendant, Dechert LLP ("Dechert" or "Defendant"), is an international law firm that is now headquartered, and at all relevant times was headquartered, at:

    Cira Centre
    2929 Arch Street
    Philadelphia, PA
    19104-2808

10. Defendant does now employ, and at all relevant times did employ, more than 500 employees.

## BACKGROUND FACTS

11. All of the allegations set forth in the above paragraphs are incorporated herein by reference.

12. In July 2013 Plaintiff applied for a position as a 2014 Summer Associate at Defendant's Philadelphia office via Symplicity, the online jobs portal of Drexel University Thomas R. Klein School of Law (then the Drexel University Earle Mack School of Law) ("Drexel").

13. Summer Associates at Dechert are law students who work at Dechert during the summer months and are compensated the same as, or substantially the same as, first year Associates, who are full attorneys.

14. Plaintiff was qualified for the position of Summer Associate at Dechert for the summer of 2014 because Plaintiff was a second-year law student ranked 4th in Plaintiff's class.

15. Defendant usually gives offers to all or almost all of its Summer Associates to return as Associates several months after graduating from law school.

16. Defendant selected Plaintiff for an interview on Drexel's campus and Stuart T. Steinberg, a partner at Dechert, conducted said interview on August 21, 2013 on Drexel's campus.

17. On September 4, 2013, Plaintiff received notice through U.S. Mail of Defendant's refusal to hire Plaintiff.

18. On July 1, 2014, Plaintiff filed a complaint against Defendant with the Equal Opportunity Employment Commission (EEOC) alleging disparate impact discrimination under the ADA, 42 U.S.C. § 12112(a), as defined in § 12112(b)(6).

19. The EEOC sent to Plaintiff's mailing address via U.S. Mail postmarked August 04, 2014, a notice of dismissal and right to sue letter. It is unknown when the right to sue letter actually arrived in Plaintiff's mailbox but Plaintiff actually received the right to sue letter on August 15, 2014 because Plaintiff was away from home during the week of August 04, 2014 and the week thereafter and did not receive mail that arrived at his home address that week until August 15, 2014.[1] It is likely that the right to sue letter did not actually arrive at Plaintiff's home mailbox until four days after August 04, 2014 because on November 05, 2014 Plaintiff received two right to sue letters regarding other cases from the EEOC that were postmarked October 31, 2014. Because those two letters arrived four mail days after the postmarked date, it is likely that the right to sue letter regarding Plaintiff's complaint against Dechert also arrived four mail days after the postmarked date, which would have been August 08, 2014. November 6, 2014 is exactly 90 days after August 08, 2014.

## PLAINTIFF'S DISABILITY

20. All of the allegations set forth in the above paragraphs are incorporated herein by reference.

21. Plaintiff has been professionally diagnosed with Asperger's Syndrome, an Autism Spectrum Disorder, and a concomitant non-verbal learning disability, both of which are mental impairments that substantially limit at least one major life activity, namely thinking, learning, and brain function. *See* 42 U.S.C. § 12102(1)(A); 29 C.F.R. § 1630.2(j)(3)(iii).

22. Plaintiff has a well-documented record of these disabilities, including multiple psychological testing reports, a letter of diagnosis, an Individualized Education Program from when Plaintiff was a high school student, and verification of granted accommodations at every tertiary educational institution that Plaintiff has attended. The record of Plaintiff's disability goes back approximately 15 years.

## FACTS I

---

1 During the summer of 2014, Plaintiff was a summer intern at the Atlantic County Prosecutor's Office in Mays Landing, New Jersey. During that time, Plaintiff lived in Margate, New Jersey in a home that his parents own. Plaintiff's parents came to said Margate home almost every weekend and would bring Plaintiff's mail that had arrived at his home address during the preceding week. However, Plaintiff's parents did not come to the Margate house on the weekend of August 8, 2014 but did come down the next weekend, on the evening of August 15, 2014. It was at that time that Plaintiff received the right to sue letter.

23. All of the allegations set forth in the above paragraphs are incorporated herein by reference.

24. Defendant has never hired a Drexel student as a Summer Associate or Associate but has hired students and graduates of other Philadelphia Proper law schools, especially U. Penn Law.

25. Drexel Law is one of three law schools located in Philadelphia Proper. The other two law schools so located are Temple University School of Law ("Temple Law") and University of Pennsylvania Law School ("U. Penn Law").

26. Drexel Law is accredited by the American Bar Association ("ABA") and, at all relevant times, was accredited by the ABA. Temple Law and U. Penn Law are also accredited by the ABA and were so accredited at all relevant times.

27. Drexel Law enrolled about 420 students during the 2013-14 school year while Temple Law enrolled about 769 students and U. Penn Law enrolled about 774 students.

28. At Drexel Law 14 out of 420 students were disabled, at Temple Law 17 out of 769 students were disabled, and at U. Penn Law only 1 out of 774 students were disabled.

29. Therefore, at the time Defendant refused to hire Plaintiff, about 44% of the disabled law students attending law school in Philadelphia Proper attended Drexel Law while only about 21% of non-disabled law students attending law school in Philadelphia Proper attended Drexel Law.

30. By refusing to hire students and graduates of Drexel Law for Summer Associate or Associate positions, while consistently hiring for Summer Associate and Associate positions numerous candidates who attend or attended the other law schools in Philadelphia Proper, Defendant utilizes a policy or practice that disproportionately screens out or tends to screen out candidates with disabilities. *See* 42 U.S.C. § 12112(b)(6).

31. The policy or practice mentioned in the preceding paragraph is not job related or consistent with business necessity because Drexel Law students are no less capable of performing the job requirements of the Summer Associate and Associate positions than students and graduates of other Philadelphia law schools.

## FACTS II

32. All of the allegations set forth in the above paragraphs are incorporated herein by reference.

33. Plaintiff hires Summer Associates and Associates disproportionately from law schools that are highly ranked by the U.S. News and World Report ("USNWR") Rankings.

34. At the time Defendant refused to hire Plaintiff, Drexel Law was ranked #126 by the USNWR while U. Penn Law was ranked # 7 and Temple Law was ranked #56.

35. The single most important criteria that almost all law schools use for determining which applicants will be offered admission and how much, if any, scholarship money those candidates will be offered are the applicants' Law School Admissions Test ("LSAT") score.

36. The LSAT is administered by the Law School Admissions Council ("LSAC"). The LSAC has a history of unlawful discrimination against disabled LSAT examinees, namely denying many disabled examinees the accommodations that they were entitled to under the ADA, annotating the scores of examinees that received extra time as an ADA accommodation, and telling law schools to discount the value and/or validity of the annotated scores as compared to the non-annotated scores.

37. In May 2014 the LSAC entered into a consent decree with the United States Department of Justice, wherein the LSAC agreed to certain reforms, including ending the practice of annotating scores of tests taken with extra time and instituting more permissive approval of ADA accommodations requests.

38. The LSAC's past discriminatory practices against disabled examinees caused some, if not most, disabled law students to attend law schools ranked lower than the law schools that such students would have gained admission into if their LSAT scores reflected their true skills and abilities rather than the limitations imposed by their disabilities.

39. By utilizing the policy or practice of hiring disproportionately from among the students and graduates of highly ranked law schools, not at all from Drexel Law, and very little, if at all, from schools ranked below the USNWR top 100, Defendant uses a hiring practice or policy that screens out or tends to screen out disabled candidates

40. Actual or constructive use of the USNWR rankings when determining which candidates to hire for Summer Associate and Associate positions is not job related and consistent with business necessity because the USNWR law school rankings are based almost entirely on self-reinforcing criteria that is not reasonably reflective of the ability of the students and graduates from ranked law schools to perform legal work.

**PRAYER FOR RELIEF**

All of the allegations set forth in the above paragraphs are incorporated herein by reference. Accordingly, Plaintiff asks this Honorable Court to grant Plaintiff the following relief:

1. Declare that the Defendant's aforementioned hiring practice or policy violates the ADA, 42 U.S.C. § 12112(a).

2. Enter a permanent injunction, under 42 U.S.C. § 12117(a) or any other applicable statute, prohibiting Defendant from using the aforementioned practices or policies, namely refusing to hire Drexel students and graduates as Summer Associates and Associates and hiring Summer Associates and Associates disproportionately from highly ranked law schools.

3. Enter a permanent injunction, under 42 U.S.C. § 12117(a) or any other applicable statute, ordering Defendant to take steps towards remedying the discriminatory effects of the hiring practices and policies mentioned in the preceding paragraph by hiring Summer Associates and Associates disproportionately from Drexel Law and taking any other remedial action that this Court deems appropriate.

4. Enter a permanent injunction, under 42 U.S.C. § 12117(a) or any other applicable statute, ordering Defendant to give Plaintiff an offer for employment as an Associate at Dechert, open for at least 21 days from the date Plaintiff receives notification of such offer, with treatment, privileges, and conditions of employment identical to those of the 2014 Summer Associates who received an offer to return as an associate, except that, if necessary, Defendant must grant Plaintiff reasonable accommodations as required by the ADA. Alternatively, order Defendant to pay money damages to Plaintiff in the amount of $145,000.00, which is the annual salary of first year Associates at Dechert.

5. Order Defendant to pay Plaintiff money damages, under 42 U.S.C. § 12117(a) or any other applicable statute, in the amount of $28,000.00, which is the total gross summer earnings of Dechert's 2014 Summer Associates.

6. Order any other injunctive or monetary relief that the Court deems appropriate.

Respectfully Submitted,

_____    11/06/2014
William J. Hanrahan (acting pro se)
103 Kimberwick Circle
Glenmooore, PA 19343
(484) 786-3927 | williamjh56@gmail.com



**U.S. Equal Employment Opportunity Commission**
**Philadelphia District Office**

801 Market Street
Suite 1300
Philadelphia, PA 19107
(215) 440-2602
TDD: 1-800-669-6820
Fax: (215) 440-2604
1-800-669-4000

Respondent: DECHERT LLP
EEOC Charge No.: 530-2014-01123
FEPA Charge No.:

Aug 4, 2014

William J. Hanrahan
103 Kimberwick Circle
Glenmoore, PA 19343

Dear Mr. Hanrahan:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

- [ ] Title VII of the Civil Rights Act of 1964 (Title VII)
- [ ] The Age Discrimination in Employment Act (ADEA)
- [X] The Americans with Disabilities Act (ADA)
- [ ] The Equal Pay Act (EPA)
- [ ] The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to Pennsylvania Human Relations Commission 333 Market Street Floor 8 Harrisburg, PA 17126 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Frances Watson
Enforcement Supervisor
(215) 440-2649

Enclosure(s)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>530-2014-01123 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Mr. William J. Hanrahan | Home Phone (Incl. Area Code)<br>(610) 942-2624 | Date of Birth<br>09-11-1988 |
|---|---|---|

Street Address: 103 Kimberwick Circle, Glenmoore, PA 19343

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>DECHERT LLP | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(215) 994-4000 |
|---|---|---|

Street Address: 2929 Arch Street, Philadelphia, PA 19104

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest         Latest

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I applied to Respondent for a summer associate position in July 2013. A partner from Dechert interviewed me on Drexel's campus on 08-21-2013. On or about 09-04-2013, I received a letter in the mail from Respondent notifying me that I was not selected for a call back interview but did not give any specific reason as to why Respondent rejected me while presumably inviting other candidates for call back interviews. I was a qualified applicant and at that time was ranked fourth in Drexel University School of Law's (Drexel Law) class of 2015 (I am currently ranked second).

I have a disability, particularly Asperger's Syndrome and a non-verbal learning disability, that substantially limits one or more major life activities, particularly learning and/or thinking. Based upon information and belief, large law firms about the size of Dechert tend to prefer students/graduates from highly ranked law schools and usually give all or most of their summer associates offers to return as associates. According to Respondent's website, zero current associates are graduates of Drexel Law but about 20 associates are graduates of either University of Pennsylvania School of Law (Penn Law) or Temple University School of Law (Temple Law) from 2009-2013 alone. On this basis, I allege that Respondent probably hired very few or no Drexel Law students as summer associates while probably hiring a disproportionate number of students from Penn Law and/or Temple Law, both of which have a higher U.S. News and World Report (USNWR) rank than Drexel Law, which was was ranked #126 while Penn Law was ranked #7, and Temple Law was ranked #56 at the time Respondent rejected me. The probable exclusion or near-exclusion of Drexel Law students from Respondent's summer associate classes is a hiring practice that utilizes a criteria that is not job-related or consistent with business necessity because USNWR rankings have little to do with the quality of the ranked

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07/01/14  /s/ W. J. Hanrahan
Date      Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2014-01123 |
| | | and EEOC |

State or local Agency, if any

law schools' students and graduates. According to NALP statistics (available at NALPlawschoolsonline.com) Drexel Law's 2013-14 student body consisted of about 3.3% disabled students (although according to Drexel itself, about 4.5% of the law students were registered with the disability services office), Temple Law's 2013-14 student body consisted of about 2.2% disabled students, Penn Law's 2013-14 student body consisted of only one disabled student out of 774 students. Therefore, Respondent's hiring tendencies likely have a disparate impact on disabled students because disabled students are represented at substantially higher percentages at Drexel Law than at other Philadelphia law schools that Respondent probably hires disproportionately from. Respondent's conduct therefore violates 42 U.S.C. § 12112(a) as defined in 42 U.S.C. § 12112(b)(6).

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07/01/14

*Charging Party Signature*

Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (11/09)       **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | William J. Hanrahan<br>103 Kimberwick Circle<br>Glenmoore, PA 19343 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-01123 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

         On behalf of the Commission

_____      8/4/14
Spencer H. Lewis, Jr.,              *(Date Mailed)*
District Director

Enclosures(s)

cc:    **DECHERT LLP**
       **Judy L. Leone, Managing Partner, (for Respondent)**

Equal Employment Opportunity Commission
PHILADELPHIA DISTRICT OFFICE
801 MARKET STREET, PH SUITE 1300
Philadelphia, PA 19107-3127



1934112403